John NOTARO, Appellant,

v.

Dennis LUTHER, Warden, FCI–Danbury, and United States Parole Commission, Appellees.

No. 1023, Docket 85–2335.

United States Court of Appeals, Second Circuit.

Argued April 1, 1986.

Decided April 15, 1986.\*

disposition has no precedential value under our local Rule 0.23, the Government has moved for publication of the order so that it could be cited in the future. Accordingly, we have granted the Government's motion and repeat the substance of the prior written order in this per curiam opinion.

Benson B. Weintraub, Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, P.C., Miami, Fla., for appellant.

Frank Santoro, Asst. U.S. Atty. (Stanley A. Twardy, Jr., U.S. Atty., D.Conn., New Haven, Conn., of counsel), for appellees.

Before LUMBARD, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

John Notaro appeals from a judgment of the United States District Court for the District of Connecticut, Ellen Bree Burns, Judge, denying his petition for a writ of habeas corpus or a writ of mandamus. We affirm.

Notaro, currently a prisoner at the Federal Correctional Institution at Danbury, Connecticut, was convicted in the United States District Court for the Eastern District of New York of an offense involving the attempted importation of heroin. After Notaro's initial parole hearing, the Parole Commission determined that his incarceration should last until the expiration of his sentence. Seeking to overturn this decision, Notaro subsequently exhausted his administrative remedies, and then filed the petition denied below. Neither of the claims that he advances on this appeal has merit.

■ First, Notaro maintains that the Parole Commission acted improperly in applying a new and unpublished "training aid" to his parole request and thus determining that his role in the drug scheme was nonperipheral. This claim fails since the Commission's decision regarding Notaro's parole application did not involve an abuse of discretion. *See Iuteri v. Nardoza,* 732 F.2d 32, 37 (2d Cir.1984). There was no requirement that the training aid be published since it was not a rule of substantive impact requiring publication under 5 U.S.C. § 552(a)(1)(D). As a careful reading of the training aid shows, it did not establish a presumption of nonperipherality. Moreover, as the district court found, the approach set out in the training aid accords with the Commission's regulations and past practices. The training aid thus falls under 5 U.S.C. § 553(b)(A), which exempts from publication interpretive rules, general statements of policy, and rules of agency procedure and practice. Moreover, the evidence that Notaro's role was nonperipheral was, independent of any guidance provided by the training aid, sufficient to support the Commission's finding. The critical facts here are the events surrounding the importation—such as Notaro's trip to Italy and his having the coffee urns shipped to his relatives in Italy, breaking with his past practice of having the urns shipped directly to the United States—and his special position as an importer of these coffee urns.

■ Notaro also claims that the Government acted improperly in submitting his presentence report to the court below. That submission was proper. While, as the cases Notaro cites show, there are reasons to place limits on the dissemination of the presentence report, those reasons are inapplicable to the realm of judicial review of parole commission actions. Examination of the report may be necessary for the court to exercise its proper role of judicial review.

For the reasons stated above, the decision of the district court denying Notaro's petition for a writ of habeas corpus or a writ of mandamus is affirmed.